# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUJAN ENTERPRISE, INC. D/B/A BIG LOU'S PIZZA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| BIG LOUIE'S U.S.A., INC., | § § | Civil Action No. 5:21-cv-633-OLG |
| Defendant. | § | |

## DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION, OR
## IN THE ALTERNATIVE, TO TRANSFER VENUE
## AND MEMORANDUM IN SUPPORT THEREOF

Defendant, Big Louie's U.S.A., Inc. ("Big Louie's"), respectfully moves this Court to dismiss Plaintiff's Original Complaint ("Complaint") in its entirety for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  In the alternative, Big Louie's moves pursuant to 28 U.S.C. § 1406(a) to transfer venue to the Fort Lauderdale Division of the Southern District of Florida.

## I.  INTRODUCTION

Defendant Big Louie's U.S.A., Inc. ("Big Louie's") moves to dismiss the claims asserted against it pursuant to Fed. R. Civ. P. 12(b)(2). These grounds for dismissal relate to Big Louie's lack of contact with the state of Texas. In the alternative, this Court should transfer venue to the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. § 1406(a).

Plaintiff Lujan Enterprise, Inc. d/b/a/ Big Lou's Pizza ("Plaintiff") has failed to plead any facts to support its assertion that Big Louie's has sufficient contacts in Texas to justify personal jurisdiction. Big Louie's, a Florida corporation with its principal place of business in Florida, does not have sufficient contacts with Texas to confer general personal jurisdiction consistent with due process, nor can this Court exercise specific jurisdiction because this controversy does not arise from Big Louie's limited contacts with Texas. For these reasons, Defendant respectfully submits to this Court, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction, or in the alternative transferred to the Southern District of Florida, Fort Lauderdale Division.

## II.  FACTS SUPPORTING DISMISSAL

Big Louie's is a Florida corporation with its principal place of business in Pompano Beach, Florida. Appendix at Exhibit A, Decl. of Natale Donato ¶ 4. Big Louie's operates a chain of Italian restaurants specializing in pizza, with locations throughout the state of Florida. *Id*. at ¶ 5.

Since as early as 1986, Big Louie's and its predecessors have been using the BIG LOUIE'S Mark in connection with restaurant services. *Id*. at ¶ 6. Big Louie's has spent considerable sums on marketing, advertising, and promotional activities, and because of its quality of restaurant services, Big Louie's has gained a valuable reputation for its BIG

LOUIE'S Mark in Florida and throughout the United States. *Id*. at ¶ 7. The BIG LOUIE'S Mark was registered with the United States Patent and Trademark Office on April 9, 1996, as Trademark Registration Serial No. 1,966,205 ("205 Registration"). *Id*. Because of Big Louie's longstanding and continuous use of the BIG LOUIE'S Mark, the 205 Registration is now incontestable pursuant to 15 U.S.C. §§ 1058 & 1065. *Id*. at ¶ 8.

Plaintiff, a Texas Corporation, operates a pizza restaurant in San Antonio, Texas under the mark BIG LOU'S PIZZA. Compl. [Dkt. No. 1] at ¶ 2. Plaintiff's mark is almost identical to Big Louie's registered mark. *Id*. On May 24, 2021, Big Louie's, through its attorney, sent Plaintiff a letter requesting that it cease using Big Louie's trademarks. *Id*. at ¶ 15. In response to this letter, Plaintiff filed the Complaint for Declaratory Judgment on July 6, 2021. *Id*. at ¶ 18. In its Complaint, Plaintiff alleges no trademark infringement exists and seeks a declaratory judgment that the registered Texas trademark "Big Lou's Pizza" does not infringe upon the "Big Louie's" trademark and thereby does not violate the Lanham Act. *Id*.

According to Plaintiff's Complaint, at the time of suit, Big Louie's had no presence in Texas. *Id*. at ¶ 3. None of Big Louie's employees, officers, agents, or contractors reside or are domiciled in Texas. Appendix at Exhibit A, Decl. of Natale Donato ¶ 10-11. It has no property, bank accounts, facilities, or offices in Texas. *Id*. at ¶ 13-17. It does not maintain a place of business in Texas, it is not qualified to do business in Texas, nor does it have a registered agent in the state. *Id*. at ¶ 9, 12. Big Louie's has no agent, resident representative or any type of representative in the State of Texas, nor does it have any independent contractors located in the State of Texas representing or soliciting the sale of Big Louie's products or merchandise in the State of Texas. *Id*. at ¶ 23.

On September 23, 2021, a third-party delivered a summons to Natale Donato, a registered agent of Big Louie's, in Pompano Beach, Florida. Returned Summons, [Dkt. No. 6] at 3. The summons was accepted on Natale Donato's behalf by Kenny Martinez. *Id*.

### III.    LACK OF PERSONAL JURISDICTION

"On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case for the Court's jurisdiction over a nonresident defendant." *Jackson Walker LLP v. Wetland Envtl. Techs., LLC,* NO. 3:05-CV-06712-L 2006 U.S. Dist. LEXIS 14382, at *3 (N.D. Tex. Mar. 29, 2006) (*citing Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). In determining whether personal jurisdiction exists, the Court may examine affidavits, interrogatories, depositions, real testimony, or any combination of the recognized methods of discovery. *Id.* (citing *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). While the Court must accept as true the undisputed allegations in the complaint, the Court is not required to credit conclusory allegations, regardless of whether such allegations are disputed. *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir. 2001).

In order to justify the exercise of personal jurisdiction over a non-resident defendant two requirements must be met.  First, the non-resident defendant must have "purposely availed" itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state. Second, the exercise of personal jurisdiction must not offend traditional notions of "fair play and substantial justice." *Qassas v. Daylight Donut Flour Co. LLC*, NO. 4:09-CV-0208 2009 U.S. Dist. LEXIS 53689, at *10 (S.D. Tex. Jun. 24, 2009) (citing *Moncrief Oil Int'l., Inc. v.OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007)).

"Minimum contacts" may be divided into separate tests: one for general jurisdiction and

one for specific jurisdiction. Where contacts are "substantial, continuous, and systematic," they may establish general jurisdiction. *Id*. General jurisdiction within a forum subjects the defendant to personal jurisdiction in any matter, even if the matter is unrelated to the defendant's contacts with the forum. *Id.* at *4-5 (citing *Johnston v. Multidata Sys. Int'l Corp.,* 523 F.3d 602, 610 (5th Cir. 2008). Where the defendant has directed its activities toward the forum state, and the controversy "arise[s] out of or [relates] to the defendant's contacts with the forum state," this is specific jurisdiction. *Id*. at *11-12 (quoting *Freudensprung v. Offshore Technical Servs., Inc.* 379 F.3d 327, 343 (5th Cir. 2004). Where specific jurisdiction is established, the defendant is only subject to a court's personal jurisdiction where the suit stems from the defendant's interactions with the forum state.

### A. PLAINTIFF'S JURISDICTIONAL ALLEGATIONS ARE INSUFFICIENT

Plaintiff contends that personal jurisdiction is justified because Big Louie's "invoked the Court's jurisdiction by making allegations against Plaintiff under the Lanham Act and sending a cease-and-desist letter to [Plaintiff] and an attorney for [Plaintiff] within the Western District of Texas. Compl. ¶ 5. However, a cease and desist letter is insufficient to create personal jurisdiction. Sending a cease and desist letter is not a tortious act, and therefore does not make it foreseeable that the sender may be haled into court in Texas. *See Stroman Realty, Inc v. Grillo* H-05-2066 2006 U.S. Dist. Lexis 11194, at *14-15 (S.D. Tex. Feb. 28, 2006) (citing, e.g. *DNH, LLC v. In-N-Out Burgers*, 381 F. Supp. 2d 559, 563-64 (E.D. La. 2005) (noting that courts have repeatedly held that cease and desist letters are insufficient to confer personal jurisdiction in patent and copyright cases because principles of fair play and substantial justice afford a party latitude to inform others of its rights without subjecting itself to suit in a forum.)); *Impact Prods. Inc. v. Impact Prods. LLC*, 341 F. Supp. 2d 1186, 1190-91 (D. Colo. 2004) (ruling that a cease

and desist letter, by itself, is insufficient to create personal jurisdiction). Additionally, aside from the letter and subsequent correspondence Plaintiff has not established that Big Louie's has had any contact with Plaintiff in Texas.

Federal District Courts in Texas, including the Western District, have previously ruled that a cease and desist letter is not sufficient to establish personal jurisdiction over a defendant in a trademark case. *Expedite IT AOG, LLC v. Clay Smith Eng'g, Inc*., No. 309-CV-1978-L, 2010 WL 2671314 (N.D. Tex. June 30, 2010). In *Expedite IT*, the defendant, a trademark holder residing in California, sent a cease and desist letter to plaintiff, an alleged infringer residing in Texas. *Id*. at *1. The plaintiff sued in Texas, claiming that the letter established sufficient contacts to establish personal jurisdiction in Texas. *Id*. The court, however, ruled in favor of defendant because plaintiff had not met its burden by presenting a prima facie case that personal jurisdiction is proper, even though defendant sent plaintiff a cease and desist letter alleging trademark infringement. *Id*. at *4. Moreover, in *Maverick Whiskey, LLC v. Brewery on Half Moon Bay,* 2019 WL 5927591 (W.D. Tex. Nov. 12, 2019) (M.J. Chestney on referral from J. Pulliam), the Western District of Texas Court agreed with the court in *Expedite IT* that a cease and desist letter in a trademark dispute is not enough to establish specific personal jurisdiction. *See id.* at *8 (explaining, "the mere act of asserting a trademark or copyright right through a cease and desist letter does not subject that party to specific personal jurisdiction") (quoting *Expedite IT AOG, LLC v. Clay Smith Eng'g, Inc*., No. 309-CV-1978-L, 2010 WL 2671314, at *4 (N.D. Tex. June 30, 2010)).

Similarly, here, Plaintiff has not met its burden to establish a prima facie case to justify this Court's personal jurisdiction over Big Louie's. Plaintiff's Complaint provides no facts sufficient to confer personal jurisdiction to this Court. Because it has not met its minimal burden

to establish personal jurisdiction, this case should be dismissed under Fed. R. Civ. P. 12(b)(2).

    **B.    BIG LOUIE'S HAS INSUFFICIENT CONTACTS IN TEXAS TO ESTABLISH GENERAL JURISDICTION**

General jurisdiction allows courts of a forum state to exercise jurisdiction over the defendant on any matter, even if the matter is unrelated to the defendant's contacts with the forum. *Qassas*. 2009 U.S. Dist. LEXIS 53689 at *4-5 (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008). However, general jurisdiction is difficult to establish, requiring that regular contacts with the forum state over the course of a number of years, and not contacts that are merely random, fortuitous, or attenuated. *Id*. "The threshold for satisfying the requirements for general jurisdiction is substantially greater than that for specific jurisdiction [and] typically, courts assert general jurisdiction only over nonresidents who are essentially domiciled within the forum state." *Pac. Aerospace & Elecs., Inc. v. SRI Hermetics, Inc.*, NO. CV-05-0155-AAM, 2005 U.S. Dist. LEXIS 27497, at *10 (E.D. Wash. Nov. 4, 2005).

Plaintiff's Complaint not only fails to establish justification for specific personal jurisdiction, it also contains no facts that support a finding of general personal jurisdiction. Big Louie's has insufficient contacts with this forum to justify general jurisdiction. Big Louie's has no facilities, employees, bank accounts, agents, or property in Texas. Appendix at Exhibit A, Decl. of Natale Donato ¶ 13-17.

Big Louie's lacks the requisite "substantial, continuous, and systematic" contacts with Texas, and therefore respectfully submits that this Court cannot exercise general personal jurisdiction over Big Louie's.

    **C.    BIG LOUIE'S CEASE AND DESIST LETTER IS INSUFFICIENT TO JUSTIFY PERSONAL JURISDICTION**

Big Louie's and Plaintiff's only alleged contact with each other are a cease and desist letter from Big Louie's attorney to Plaintiff, and e-mails between Big Louie's attorney and

Plaintiff's attorneys before and after this Complaint was filed. As demonstrated above, Big Louie's cease and desist letter, sent to Plaintiff in good faith, does not establish minimum contacts with Texas, and is therefore insufficient to justify personal jurisdiction in this Court. *Maverick Whiskey, LLC*, 2019 WL 5927591, at *8; *see also Stroman Realty,* 2006 U.S. Dist. Lexis 11194, at *14-15; *Impact Prods.*, 341 F. Supp. 2d at 1190-91 (explaining that such reasonable, good faith efforts to protect its rights against a forum resident are insufficient to establish minimum contacts); *Expedite IT AOG, LLC v. Clay Smith Eng'g, Inc., (N.D. Tex. June 30, 2010)* (explaining that the mere act of asserting a trademark or copyright right through a cease and desist letter does not subject that party to specific personal jurisdiction).

### D. BIG LOUIE'S WEBSITE DOES NOT CREATE SUFFICIENT CONTACTS FOR PERSONAL JURISDICTION

In evaluating the operation of a website to determine whether its existence confers personal jurisdiction, the Fifth Circuit has opined that the traditional *Zippo* sliding scale as used in *Mink v. AAAA Development LLC*,

> may not be well adapted to the general jurisdiction inquiry, because even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction – in other words, while it may be doing business *with* Texas, it is not doing business *in* Texas.

*Revell v. GW Lidov*, 317 F.3d 467 (5th Cir. 2002) (emphasis in original). In *GW Lidov*, the Fifth Circuit referred to a Sixth Circuit case, *Bird v. Parsons*, in which the Sixth Circuit found that Ohio courts lacked general jurisdiction over a non-resident business even though the defendant maintained a website open for commerce with Ohio residents, and over 4,600 Ohio residents had in fact registered their domain names with the defendant through its website. *Id.*; *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002). The *Bird* court ruled that a "website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction." *Id*. In other words, a

defendant's widely accessible website, without more, does not confer general jurisdiction to every forum in the United States. Instead, as with other means of communication (phone, walk-in, mail-order), in determining whether general jurisdiction exists, the method of contacts is not as important as how substantial they are. *See Mothers Against Drunk Driving v. DAMMADD*, NO. 3:02-CV-1712-G 2003 U.S. Dist. LEXIS 1800, at *14 (N.D. Tex. Feb. 7, 2006) (quoting *Miss. Interstate Express, Inc v. Transpo, Inc.*, 681 F/2d 1003, 1005 (5th Cir. 1982) "whether minimum contacts are sufficient to justify subjecting a non-resident to suit in a forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the *quality and nature* of the activity with relation to the forum state." (Emphasis added by the *MADD* court)); *see also Action Tapes v. Ebert*, NO.3:05-CV-1239-G 2006 U.S. Dist. LEXIS 4958, at *14-16 (N.D. Tex. Feb. 9, 2006) (holding that an out-of-state defendant who operated a website from which she advertised and sold handicrafts lacked personal jurisdiction because defendant's contacts with the forum were insubstantial).

Big Louie's website does not confer personal jurisdiction. Big Louie's website, located at https://www.biglouies.com, is used primarily for informational purposes regarding its restaurant's menus, locations, and contact information. Big Louie's does not sell any merchandise by way of its website. While Big Louie's website is accessible to Texas residents, it is not directed specifically to Texas residents. Since a website, by itself cannot justify general jurisdiction without continuous and substantial contacts with the forum state, and Big Louie's lacks these contacts, general personal jurisdiction should not be based on the existence of the Big Louie's website. Additionally, Plaintiff pleads no facts - at all - establishing the website is the cause for the litigation such that specific personal jurisdiction exists. Therefore, Big Louie's website cannot justify specific or general personal jurisdiction.

## IV. RELIEF REQUESTED

This Court should dismiss Plaintiff's Complaint without prejudice because Plaintiff cannot establish a prima facie case of personal jurisdiction over Big Louie's. In the alternative, if the Court does not dismiss this action, then this action should be transferred to a more appropriate forum. Where a court finds it lacks personal jurisdiction, it may dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2). In the alternative, a federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to "any district or division in which it could have been brought" if the court finds that it is "in the interest of justice" to transfer the action. *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013).

The only contacts in the record that Plaintiff identifies in support of exercising personal jurisdiction over Defendant are the cease and desist letter sent by Defendant's counsel to Plaintiff. Compl. ¶¶ 5, 15-16. This act is not sufficient to properly confer personal jurisdiction over Defendant in this Court, let alone make Texas a proper venue. As the Defendant in this action is a corporation that is both located and domiciled in Florida, Plaintiff's assertions under sections 1391(b) and 1391(c) are improper. Additionally, as discussed above, Plaintiff has made no allegation of conduct occurring within Texas giving rise to this action. Plaintiff's assertions under section 1391(b) are therefore also improper. Accordingly, Texas as a venue for this action is improper. However, the action could have been properly brought in Florida. 28 U.S.C. § 1631. As Defendant is domiciled within Broward County, Florida, and should the Court decide to transfer this action, the proper venue to which this action should be transferred is the Southern District of Florida, Fort Lauderdale Division. 28 U.S.C. § 89(c). Accordingly, should the Court decline to dismiss this case, Big Louie's respectfully requests that the Court transfer the case to the Southern District of Florida, Fort Lauderdale Division as an alternative basis for relief.

## V. CONCLUSION

Plaintiff has not met its burden to establish a prima facie case that Big Louie's has sufficient minimum contacts with Texas to allow the exercise of personal jurisdiction consistent with due process. As such, for all of the above stated reasons, Defendant respectfully submits the Complaint should be dismissed for lack of personal jurisdiction. Alternatively, the Court should transfer this action to the Southern District of Florida, Fort Lauderdale Division.

## VI. CERTIFICATE OF CONFERENCE

On October 14, 2021, counsel for Big Louie's, Derek Fahey, conferred with Plaintiff's counsel who indicated Plaintiff is opposed to the relief sought in this Motion.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Big Louie's USA, Inc., respectfully requests that this Honorable Court dismiss Plaintiff's Original Complaint for lack of personal jurisdiction, or in the alternative, transfer this case to the Southern District of Florida, Fort Lauderdale Division, and grant any further equitable relief it deems appropriate.

DATED:  October 15, 2021             Respectfully submitted,

                */s/ Derek Fahey*
                Derek Fahey, Esq. (*Pro Hac Vice pending*)
                Attorney-in-Charge
                FBN 88194
                The Plus IP Firm / Derek Fahey P.A.
                101 NE 3rd Ave., Suite 1500
                Fort Lauderdale, FL 33301
                Tel: (954) 332-3584 (V)
                derek@plusfirm.com
                docket@plusfirm.com

                and

                */s/ Edward B. Marvin*
                Edward B. Marvin, Esq.
                Texas Bar No. 24055917
                Gunn, Lee & Cave, P.C.
                8023 Vantage Drive, Suite 1500
                San Antonio, TX 78230
                Tel: (210) 886-9500 (V)
                emarvin@gunn-lee.com

                ATTORNEYS FOR DEFENDANT,
                BIG LOUIE'S U.S.A., INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 15, 2021, a true and correct copy of the foregoing, was served on all counsel or parties of record by electronically filing the foregoing with the Clerk of the Court using CM/ECF.

                */s/Edward B. Marvin*
                Edward B. Marvin, Esq.