## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LUJAN ENTERPRISE, INC. D/B/A BIG LOU'S PIZZA,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § § | **CIVIL ACTION NO. 5:2021-cv-633-OLG** |
| **BIG LOUIE'S U.S.A., INC.,** | § § § | |
| **Defendant.** | § § | |

### PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

Plaintiff Lujan Enterprise, Inc. d/b/a Big Lou's Pizza ("Plaintiff" or "Big Lou's Pizza"), by and through its undersigned counsel, files this First Amended Original Complaint (the "Complaint") against Defendant Big Louie's U.S.A., Inc. and states as follows:

### I.
### INTRODUCTION

1.     Plaintiff brings this lawsuit seeking declaratory judgment that its registered Texas trademark does not infringe upon Defendant's registered U.S. trademark.[1]

### II.
### PARTIES

---

[1]     Plaintiff's original Texas trademark approval is attached hereto as Exhibit "1a", and Plaintiff's renewal of its Texas trademark is attached hereto as Exhibit "1b". Defendant's U.S. trademark is attached hereto as Exhibit "2".

757168.1
82677.00004

2.       Plaintiff Lujan Enterprise, Inc. d/b/a Big Lou's Pizza is a Texas corporation headquartered in San Antonio, Texas.  Plaintiff is registered with the Texas Secretary of State to do business as "Big Lou's Pizza".  All of Plaintiff's personnel and operations are located within this judicial district.

3.       Defendant Big Louie's U.S.A., Inc. is corporation existing under the laws of Florida.  Defendant's principal place of business is located at 2190 N. Federal Highway, Pompano Beach, FL 33062.  Defendant does not conduct business in Texas and or within this judicial district but has sufficient contacts to be subject to personal jurisdiction herein.  Defendant has appeared in this action and may be served through its counsel.

## III.
## JURISDICTION AND VENUE

4.       Jurisdiction is proper in this Court because this litigation arises under federal law, namely 17 U.S.C. § 1051 et seq. (Lanham Act).  The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

5.       This Court has personal jurisdiction over Defendant because Defendant invoked the Court's jurisdiction by making allegations against Plaintiff under the Lanham Act and by sending a cease-and-desist letter to Plaintiff and an attorney for Plaintiff within the Western District of Texas that purposely availed Defendant of the privilege of conducting activities in Texas by (a) demanding that Plaintiff file documents with the Texas Secretary of State to abandon Plaintiff's Texas

trademark,[2] (b) invoking Texas law and remedies available to Defendant under Texas law, and (c) challenging Plaintiff's Texas Trademark Registration.  Accordingly, it is reasonable for Defendant to have anticipated being sued in in the Western District of Texas.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).  Plaintiff resides in this judicial district, and a substantial part of the events giving rise to the claims asserted herein occurred within this judicial district.

7.      An actual case or controversy has arisen between the parties.  Defendant has made accusations against Plaintiff that threaten injury to Plaintiff.  The parties have adverse legal interests of sufficient immediacy and reality to warrant a declaratory judgment action.

## IV.
## FACTUAL BACKGROUND

7.      Big Lou's Pizza is a single-location pizzeria in San Antonio, Texas that was founded in the year 2000 and has since become a famous San Antonio institution and destination restaurant for locals and tourists alike.  The restaurant remains a family-owned small business that employs about 75 San Antonians, and its name is a shortened version of its founders' last name: Lujan (pronounced "*loo*-hahn").  The adjective "big" in the restaurant's name is apropos because Big Lou's Pizza is best known for its signature 42-inch "Big Lou 42" pizza—a pie with a 3½-foot diameter.

---

[2]      The Texas Secretary of State is located in the Western District of Texas.

8.     Through hard work and dedication, combined with serving innovative pizzas with high-quality ingredients, Big Lou's Pizza has become well-known throughout the state of Texas and has earned national acclaim.  In 2009, Big Lou's Pizza was featured on the Travel Channel's hit television show *Man vs. Food* to highlight its signature 42" pizza.  That episode aired on national television, currently re-airs in syndication, and its various uploads to YouTube have received over 150,000 views.  Additionally, popular YouTube influencer Barstool Sports featured Big Lou's Pizza in an episode of its "Barstool Pizza Review" video series in 2018 that has been viewed over 827,000 times on YouTube.

9.     Big Lou's Pizza has maintained an active social media presence since at least 2010.  It has over 100,000 followers on Facebook and has received significant and consistent exposure on websites like Trip Advisor and Yelp. Big Lou's Pizza has diligently worked to build its brand, and it remains a well-respected pillar of the San Antonio restaurant industry, despite its single location on the southeast side of San Antonio.

10.     In 2014, Big Lou's Pizza filed a Texas trademark application with the Texas Secretary of State for its "Big Lou's Pizza" name, categorizing the mark as "Restaurant and bar services Class [43]."  *See* Ex. 1a.  Big Lou's Pizza renewed its Texas trademark in 2018.  *See* Ex. 1b.  The "Big Lou's Pizza" Texas trademark incorporates both the name of the restaurant and a distinctive circular logo that features a four-leaf clover.  *See* Ex. 1a.

4

11.     Defendant Big Louie's U.S.A., Inc. ("BL") is a Florida corporation that owns a United States trademark for the term "Big Louie's", which is classified as "restaurant services".  *See* Ex. 2. BL is not registered to do business in Texas, and, upon information and belief, BL does not conduct and has never conducted business within the state of Texas or in surrounding states.  The "Big Louie's" mark was originally registered by a Florida corporation named Gateway Pasta Corp. in 1996 and was assigned to BL in 1998.

12.     Upon information and belief, the "Big Louie's" mark is used by four small pizza or Italian restaurants in south Florida.

13.     However, upon further information and belief, BL is not affiliated in any way with Big Louie's Pizzeria, Inc.—a different active corporation registered in Florida that operated a pizzeria in Gainesville, Florida under the name "Big Lou's NY Style Pizzeria" for 17 years from 2004 through March 2021.[3]

14.     Additionally, upon information and belief, BL is not affiliated in any way with Big Louie's Bar and Grill in Minneapolis, MN; Big Louie's Bar and Grill in New Brighton, MN; Big Lou's Standing Room Only restaurant in Kenosha, WI; Big Lou's Ice House in El Paso, TX; Big Lou's Italian Beef located inside the Six Flags Great America theme park in Illinois; or Big Louie's Pizzeria in Eureka, CA.  Nor does BL

---

[3]     Big Lou's NY Style Pizzeria appears to have shut down as a casualty of the COVID-19 pandemic.  *See* https://www.gainesville.com/story/entertainment/dining/2021/03/03/gainesville-restaurant-news-big-lous-closes-insomnia-cookies-coming/6894090002/.  Despite the restaurant's closure, the corporate entity "Big Louie's Pizzeria, Inc." maintains an active registration with the state of Florida.

appear to have an affiliation with food items like Big Lou's Onion Sauce, Big Lou's Italian Sauce, Big Lou's Italian Style Sausage Link, Big Lou's BBQ Blast Dry Rub, or Big Lou baked goods.

15.     Despite the prevalence of restaurants and food products using the name "Big Lou's", BL mailed a cease-and-desist letter to Big Lou's Pizza at its San Antonio address on May 24, 2021 (the "BL Letter").[4]   The BL Letter invokes Texas law, challenges Big Lou's Pizza's Texas Trademark, and makes the following demands:

> (1)   within three (3) days of Your receipt of this letter have Your attorney contact my office to discuss this matter;
> (2)   within fifteen (15) days file with the Secretary of State for the State of Texas the appropriate documents to expressly abandon Your Texas Registrations; and,
> (3)   cease and desist all use of Your Infringing Marks within ninety (90) days.

16.     These demands leave no room for negotiation and are not a good faith attempt to "resolve this matter amicably" as the BL Letter suggests.  Instead, the BL Letter mandates that Big Lou's Pizza "cease and desist from use of Your Infringing Marks," which would serve as a death knell to the family-owned business because of the hard-earned goodwill and name recognition associated with the Big Lou's Pizza brand in San Antonio and throughout the state of Texas.

17.     BL's demands place Big Lou's Pizza under a potentially perpetual cloud of uncertainty and insecurity, and they have harmed and will continue to harm Plaintiff in Texas.  As a family-owned business responsible for the employment of about 75 local workers—especially in the low-margin restaurant industry during a time where Big Lou's Pizza struggled to survive the COVID-19 pandemic and is trying

---

[4]     The BL Letter is attached hereto as Exhibit 3.

757168.1
82677.00004

to recover from pandemic-related revenue declines—such operational uncertainty puts Big Lou's Pizza in a precarious position.

18.     On July 6, 2021, Plaintiff send a reply letter to Defendant refusing to comply with Defendant's demands.

19.     In order to establish the certainty and security that is essential for Big Lou's Pizza's continued operations, Big Lou's Pizza files this action asking that the Court issue a declaratory judgment that the "Big Lou's Pizza" Texas trademark does not infringe upon the "Big Louie's" mark.

## V.
## CAUSES OF ACTION

20.     All conditions precedent for the causes of action set forth below have occurred or have been performed.

**A.      *First Cause of Action – Declaratory Judgment of Non-Infringement of Trademark***

21.     All foregoing paragraphs of this Complaint are incorporated herein by reference as if set forth verbatim.

22.     In accordance with 28 U.S.C. § 2201, Big Lou's Pizza seeks a declaratory judgment from this Court that the registered Texas trademark "Big Lou's Pizza" does not infringe upon the "Big Louie's" trademark and thereby does not violate the Lanham Act.

23.     Specifically, Plaintiff's use of the trade name "Big Lou's Pizza's" is not likely to cause confusion as to the affiliation, connection, or association of Plaintiff with Defendant, or as to the origin, sponsorship, or approval of Plaintiff's goods, services, or commercial activities by Defendant.

7

24.    The Fifth Circuit uses the following factors to determine likelihood of confusion:

> (1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers.

*Am. Rice Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008) (internal quotations excluded). When evaluated as a whole, the above-stated facts strongly support a declaration of non-infringement.

**B.    *Second Cause of Action – Declaratory Judgment Granting Continued Use of Plaintiff's Texas Trademark Registration***

25.    All foregoing paragraphs of this Complaint are incorporated herein by reference as if set forth verbatim.

26.    Alternatively, Big Lou's Pizza seeks a declaratory judgment from this Court, in accordance with 28 U.S.C. § 2201, that Big Lou's Pizza may continue to use its trade name in the continued operation of its business within the state of Texas under the doctrine of laches.

27.    Laches is defined as an "inexcusable delay that results in prejudice to the defendant" and involves three elements: "(1) delay in asserting one's trademark rights, (2) lack of excuse for the delay, and (3) undue prejudice to the alleged infringer caused by the delay." *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 622 (5th Cir. 2013).

28.    Based on the above-stated facts, BL's delay in asserting its trademark rights is unexcused and unduly prejudices Big Lou's Pizza, which has worked hard

as a local, minority-owned restaurant to develop and maintain an excellent reputation over its 20+ years of continuous operation.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lujan Enterprise, Inc. d/b/a Big Lou's Pizza respectfully requests that Defendant Big Louie's U.S.A., Inc. be summoned to appear herein, that a citation issues, and that the Court issue a declaratory judgment stating that Plaintiff's registered Texas trademark "Big Lou's Pizza" does not infringe upon Defendant's "Big Louie's" trademark and thereby does not violate the Lanham Act. Alternatively, Plaintiff requests that the Court issue a declaratory judgment stating that Plaintiff may continue to use its trade name "Big Lou's Pizza" in the continued operation of its business within the state of Texas.  Plaintiff also requests that the Court grant Plaintiff all attorneys' fees, costs, and expenses accrued in the action, along with all other and further relief to which Plaintiff is entitled in law or equity.


**DATED: OCTOBER 29, 2021**          Respectfully submitted,


                                     **ROSENTHAL PAUERSTEIN**
                                     **SANDOLOSKI AGATHER LLP**


                                     */s/ Stephen K. Lecholop II*
                                     Stephen K. Lecholop II
                                     Texas State Bar No. 24070119
                                     755 E. Mulberry, Suite 200
                                     San Antonio, Texas 78212
                                     Telephone: (210) 225-5000
                                     Facsimile: (210) 354-4034
                                     Email: slecholop@rpsalaw.com

757168.1
82677.00004

**ATTORNEYS FOR PLAINTIFF LUJAN ENTERPRISE, INC. D/B/A BIG LOU'S PIZZA**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing pleading has been served via electronic filing in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court on October 29, 2021.

/s/ *Stephen K. Lecholop II*
Stephen K. Lecholop II

757168.1
82677.00004

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Nandita Berry
Secretary of State



# Office of the Secretary of State

## CERTIFICATE OF REGISTRATION

The undersigned, as Secretary of State of Texas, by virtue of the authority vested in the Secretary by Chapter 16, Texas Business and Commerce Code hereby issues this Certificate of Registration for the mark described below. Such registration is issued in connection with the goods/services stated below for a term of five years from the date of registration shown herein.

**Reg. No. 801917417**

Lujan Enterprises, Inc.

Corporation, Texas

2048 S W W White Road, San Antonio, TX 78222

**Goods/Services**

Restaurant and bar services Class [43]

Date of first use Anywhere: 12/23/2004

Date of first use in Texas: 12/23/2004

**Description of the Mark**

A four-leaf clover positioned over an inner circle, the inner circle having lines dividing the inner circle into eight portions, and the words "BIG LOU'S PIZZA" positioned between an outer circle and the inner circle as shown in the drawing attached hereto.

Color is not claimed as a feature of the mark.

Without waiving any right at common law, no claim is made to the exclusive right to use "PIZZA" apart from the mark as shown.

**Date of Registration**

February 19, 2014

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555
Prepared by: Dianne Gattuso

Fax: (512) 463-5709
TID: 10273

Dial: 7-1-1 for Relay Services
Document #: 524634400004
Page 1 of 2

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Nandita Berry
Secretary of State



# Office of the Secretary of State

*Nandita Berry*

Nandita Berry
Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555                Fax: (512) 463-5709                Dial: 7-1-1 for Relay Services
Prepared by: Dianne Gattuso          TID: 10273                        Document #: 524634400004
                                                                       Page 2 of 2

Form 901 (Revised 05/13)

Submit to:
Secretary of State
PO Box 13697
Austin, TX 78711-3697
512 463-9760
FAX: 512 463-5709
**Application Fee:**
**$50 per class**



**Application for Registration**
**of a Trade or Service Mark**

This space reserved for office use.

**FILED**
**In the Office of the**
**Secretary of State of Texas**

**FEB 1 9 2014**

**Corporations Section**

---

1. NAME OF APPLICANT (owner of mark—individual, corporation, or other entity applying for registration):  Lujan Enterprise, Inc.

2. BUSINESS ADDRESS OF APPLICANT:  2048 S. W.W White Rd.

| City: | State: | Zip Code: | Country: |
|---|---|---|---|
| San Antonio | Texas | 78222 | US |

3. BUSINESS STRUCTURE OF APPLICANT (Check One and Complete)

☒ Corporation

  (State of Incorporation):   Texas

☐ Limited Liability Company

  (State of Organization): _____

☐ Limited Partnership

  (State of Organization): _____

☐ General Partnership

  (State of Organization): _____

☐ Sole Proprietor

☐ Other

  (Describe): _____

4. NAMES OF GENERAL PARTNERS, IF APPLICANT IS A PARTNERSHIP (attach additional sheet if necessary):

5A. NAME AND/OR DESCRIPTION OF MARK (For design, provide a brief written description that can be pictured in the mind without reference to the specimens. Do not draw the design on the application. Attach a drawing of the mark.): A four-leaf clover positioned over an inner circle, the the inner circle having lines dividing the inner circle into eight portions, and the words "BIG LOU'S PIZZA" positioned between an outer circle and the inner circle as shown in the drawing attached hereto

TEXAS SECRETARY OF STATE
1/13/2014 5:18:00 PM
Registration Number: 801917477
Document Number: 524634488001

Form 901

6

| 5B. COLOR CLAIM. Is a claim made to color? ☐ Yes (go to 5C and 5D) ☒ No (go to 6) | 5C. If yes, claim is made to the following colors: _____ _____ _____ _____ |
|---|---|

5D. COLOR LOCATION STATEMENT. Please include the location of each color (*e.g.*, a red balloon with a yellow ribbon):

6. DISCLAIMER (If Applicable) No claim is made to the exclusive right to use the term:

| 7A. CLASS NUMBER(S) | Class #1: 43 (go to 7B) | Class #2: _____ (go to 7C) | |
|---|---|---|---|

7B. CLASS #1: If a trademark, list specific goods. If a service mark, list specific services:
Restaurant and bar services

| Date the mark was first used in Texas: 12/23/2004 | Date the mark was first used anywhere: 12/23/2004 |
|---|---|

7C. CLASS #2: If a trademark, list specific goods. If a service mark, list specific services:

| Date the mark was first used in Texas: _____ | Date the mark was first used anywhere: _____ |
|---|---|

8. USPTO TRADEMARK REGISTRATION/APPLICATION. Complete the following if the applicant or a predecessor in interest has filed an application to register the mark or portions of the mark with the United States Patent and Trademark Office.

Filing Date _____   Serial/File No. _____   Status of Application _____

If Refused, Why? _____

☐ Check here if this item does not apply.

9. MANNER IN WHICH THE MARK IS USED (If more than one (1) class, list the manner in which the mark is used in each class): menus, signage, apparel, Internet web site, advertising, food containers, cups, glassware

10. SPECIMENS (Check the applicable boxes below and enclose three (3) original specimens supporting the goods/services described in Item 7. Include at least one (1) specimen for each class)

For Trademarks Only

☐ Actual Labels

☐ Actual Tags

☐ Photographs of Goods/Containers Showing the Mark

☐ Front Panels of a Paper Container Bearing the Mark

☐ Other: _____

For Service Marks Only

☐ Advertising Leaflets

☐ Advertising Brochures

☐ Menus Showing the Mark

☐ Business Cards that Reference Services

☒ Other:      Internet web site

11. DECLARATION OF OWNERSHIP

Applicant declares that the applicant is the owner of the mark, that the mark is in use, and that to the knowledge of the person verifying the application, no other person has registered the mark, either federally or in this state, or is entitled to use the mark in this state, either in the identical form used by the applicant or in a form that is likely, when used on or in connection with the goods or services of the other person, to cause confusion or mistake, or to deceive, because of its resemblance to the mark.

12. SIGNATURE AND VERIFICATION

1/8/2014

DATE

SIGNATURE OF AUTHORIZED PERSON

Brian Lujan, President

TYPE OR PRINT NAME AND TITLE

**TO BE COMPLETED BY A NOTARY PUBLIC:**

STATE      TEXAS                )

COUNTY    BEXAR               )

On January 8, 2014, Brian Lujan _____ personally appeared before me, and being first duly sworn declared that he/she signed this application in the capacity designated, if any, and further stated that he/she has read the above application and the statements therein are true and correct.

CRISTINA CRUZ
Notary Public, State of Texas
My Commission Expires
January 30, 2017

NOTARY PUBLIC SIGNATURE

## TRADEMARK DRAWING SHEET

**Instructions:** Include the mark exactly as it appears in the samples of use accompanying the application and exactly as it is described in item 5 of the application.  Do not include other words that are not part of the mark.

- If the mark consists only of a word, letter or numeral, or a combination thereof, and is not depicted in a special form, type or print the mark in capital letters on the drawing sheet.
- If the mark is not only words, letters or numerals, or a combination thereof, and also includes a design, the entire design must appear on the drawing sheet.
- The drawing *must*
    - o Depict only one mark
    - o Fit within the box (3.15 in (8 cm) high by 3.15 in (8 cm) long)
    - o Be an exact reproduction of the mark
- A mark including a color claim must either
    - o Appear in color and match the color(s) described in the color statement.
    - o Appear in black and white
- If desired, you may tape a drawing of the mark to this drawing sheet.
- **A black and white reproduction of the mark in the drawing box will appear on the certificate issued, so an electronic reproduction of the mark is recommended.**





## HOURS

Monday — Closed
Tues–Thu — 11am–10pm
Fri–Sat — 11am–12am
Sunday — 12pm–10pm

## DIRECTIONS

2048 S WW White Rd
San Antonio, TX 78222
Phone:(210) 337-0707

**MENU**   **MEDIA**   **OUR STORY**

MADE FRESH WITH THE BEST INGEDIENTS

### MORE THAN JUST PIZZA

Big Lou's award–winning pizza has been a San Antonio favorite for over 10 years, but Big Lou's does more than just pizza. Make sure to try our wraps, pasta dinners, sandwiches, and our salads.

View full menu >

### MEET THE FAMILY

On Friday May 19th 2000 we opened for business and ended up selling out of just about everything we had. The business was supposed to be just me and my mother, but after that huge response we knew it was alot bigger than just the two of us and we have been growing ever since.

Read our story >



## BIG LOU'S PIZZA

**MENU**      **MEDIA**      **OUR STORY**

### HOURS

Monday — Closed
Tues–Thur — 11am–10pm
Fri–Sat — 11am–12am
Sunday — 12pm–10pm

### DIRECTIONS

2048 S WW White Rd
San Antonio, TX 78222
Phone:(210) 337-0707

MADE FRESH WITH THE BEST INGEDIENTS

**MORE THAN JUST PIZZA**

Big Lou's award–winning pizza has been a San Antonio favorite for over 10 years, but Big Lou's does more than just pizza. Make sure to try our wraps, pasta dinners, sandwiches, and our salads.
View full menu >

**MEET THE FAMILY**

On Friday May 19th 2000 we opened for business and ended up selling out of just about everything we had. The business was supposed to be just me and my mother, but after that huge response we knew it was alot bigger than just the two of us and we have been growing ever since.
Read our story >

BIG LOU'S BURGERS & BBQ



**HOURS**

Monday — Closed
Tues–Thur — 11am–10pm
Fri–Sat — 11am–12am
Sunday — 12pm–10pm

**DIRECTIONS**

2048 S WW White Rd
San Antonio, TX 78222
Phone:(210) 337-0707

| MENU | MEDIA | OUR STORY |

MADE FRESH WITH THE BEST INGEDIENTS

**MORE THAN JUST PIZZA**

Big Lou's award–winning pizza has been a San Antonio favorite for over 10 years, but Big Lou's does more than just pizza. Make sure to try our wraps, pasta dinners, sandwiches, and our salads.

View full menu >

**MEET THE FAMILY**

On Friday May 19th 2000 we opened for business and ended up selling out of just about everything we had. The business was supposed to be just me and my mother, but after that huge response we knew it was alot bigger than just the two of us and we have been growing ever since.

Read our story >

Corporations Section                                                    Nandita Berry
P.O.Box 13697                                                          Secretary of State
Austin, Texas 78711-3697



# Office of the Secretary of State

### Trademark Objection Letter
Date: January 22, 2014

Attn: Michael Volk
Volk & McElroy, LLP
3003 N.W. Loop 410, Suite 100
San Antonio, TX 78230 USA

——

Re: Trademark Legal Document
Mark:   BIG LOU'S PIZZA & Design
Application Number: 801917417
Class:   Hotels & Restaurants: Class 43 [43]

This office has received and reviewed the above referenced document. The review reveals the
following objections to registration or to the filing of the document. To reply, please enclose a copy of
this letter or refer to the mark and reference number provided. **A complete reply to these objections
must be received in this office within 90 days from the date of this letter unless an earlier date is
specified below. In the case of an application for registration, the failure to respond within the
time specified will result in the abandonment of the application.**

1. The mark appears to include the name, signature, or portrait of an individual. Does the mark
   identify a living individual? _____ Yes   **X**__ No.

   If yes, Applicant must attach the individual's written consent for Applicant to both use and
   register the mark. Tex. Bus. & Com. Code sec. 16.051(a)(4).

2. Please disclaim any exclusive right to use Pizza apart from the entire mark as shown in the
   application.

   Disclaiming part of a mark does not mean that Applicant cannot continue to use the disclaimed
   elements in its mark. It simply means that Applicant is not claiming any right to prevent others
   from using those disclaimed elements separate and apart from Applicant's mark.

   A properly worded disclaimer might be:
   Without waiving any right at common law, no claim is made to the exclusive right to use Pizza
   apart from the mark as shown.

   Would you like to enter this disclaimer? **X**_ Yes. _____ No.

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555                    Fax: (512) 463-5709                    Dial: 7-1-1 for Relay Services
Prepared by: Dianne Gattuso              TID: 10956                             Registration #: 524634400002

# VOLK & MCELROY, LLP

### TRIAL ATTORNEYS

*Zealous representation for the injured and the accused*

3003 NW Loop 410, Suite 100
San Antonio, TX 78230
Ph: (210) 377-1414
Fax: (210) 377-1415

**February 22, 2014**

*Sent by U.S. Mail and fax to 512-463-5709*

**RECEIVED**

**FEB 1 9 2014**

**Secretary of State**

Secretary of State
P.O. Box 13697
Austin, TX 78711-3697

> **Re:   Response to Trademark Objection Letter for**
> **Mark: BIG LOU'S PIZZA & Design**
> **Applicant: Lujan Enterprise Inc.**
> **Appl. No.: 801917417**
> **Class: 43**
> **Our Docket No.: LUJ-S02-TX**

Dear Ms. Gattuso,

We are in receipt of the trademark objection letter dated January 22, 2014, in which the Office objects to registration of the above-referenced application for the following reasons:

1) The mark appears to include the name, signature, or portrait of an individual.

2) Disclaimer Request: PIZZA.

Regarding the 1st objection, Applicant asserts that the mark does not identify a living individual. Applicant respectfully requests withdrawal of this objection.

Regarding the 2nd objection, Applicant requests entry of the following disclaimer:

- Without waiving any right at common law, no claim is made to the exclusive right to use "PIZZA" apart from the mark as shown.

In view of the above remarks, Applicant requests registration of the above-referenced trademark.

If you have questions or would like to discuss this matter, please contact me at the above address or call me at 210-377-1414.

Best regards,

Michael Volk, Attorney at Law

NO CREDIT CARD INFORMATION                    1



Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

# EXHIBIT 1b

Rolando B. Pablos
Secretary of State

## Office of the Secretary of State

## CERTIFICATE OF RENEWAL OF REGISTRATION
## OF

### BIG LOU'S PIZZA & Design

In accordance with the provisions of Chapter 16, Texas Business and Commerce Code, the attached Application for Renewal has been filed in the Office of the Secretary of State on the date noted below to renew the registration for an additional 5 year term. The current term of registration will expire on the date shown below.

Registration Number: 801917417
Original Date of Filing: February 19, 2014
Expiration Date: February 19, 2024
Dated: October 10, 2018





Rolando B. Pablos
Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555
Prepared by: Dianne Gattuso

Fax: (512) 463-5709
TID: 10271

Dial: 7-1-1 for Relay Services
Document #: 842783600002

| Form 902 (Revised 09/13)<br><br>Submit to:<br>Secretary of State<br>PO Box 13697<br>Austin, TX 78711-3697<br>512 463-9760<br>FAX: 512 463-5709<br>**Fee: $25 per class** | <br>**Renewal Application of a<br>Trade or Service Mark** | This space reserved for office use.<br><br>**F I L E D**<br>In the Office of the<br>Secretary of State of Texas<br><br>**OCT 1 0 2018**<br><br>**Corporations Section** |

**1. Name of Registrant** (owner of mark–individual, corporation, or other entity renewing registration):
Lujan Enterprise Inc.

**2. Business Address of Registrant:**
2048 S. W.W. White Rd.

| City:<br>San Antonio | State:<br>TX | Zip Code:<br>78222 | Country:<br>United States |

**3. Description of the Mark** (include *complete description of the mark* as it appears in the attached specimen of use, including any design elements): A four-leaf clover positioned over an inner circle, the inner circle having lines dividing the inner circle into eight portions, and the words "BIG LOU'S PIZZA" positioned between an outer circle and the inner circle

Registration No: <u>801917417</u>      Original Date of Registration: <u>February 19, 2014</u>

Class Numbers: <u>43</u>      Date of First Use Anywhere: <u>12/23/2004;</u>
Date of First Use in Texas: <u>12/23/2004</u>

**4. Business Structure of Registrant** (must check one and complete state of formation)

| ☒ Corporation | ☐ General Partnership |
| (State of Incorporation): <u>Texas</u> | (State of Organization): _____ |
| ☐ Limited Liability Company | ☐ Sole Proprietor |
| (State of Organization): _____ | |
| ☐ Limited Partnership | ☐ Other |
| (State of Organization): _____ | (Describe): _____ |

**5. Names of General Partners if Registrant is a Partnership** (attach additional sheet if necessary)

| **6. The Following Must Be Included With<br>Your Renewal:** | ☒ Specimen(s)<br>(see item 7) | ☒ Fee<br>($25 per class) |

**7. Specimens:** (Check the applicable box below and enclose one (1) original specimen for each class supporting the goods/services for which the renewal of registration is sought).

| For Trademarks Only | For Service Marks Only |
|---|---|
| ☐ Actual Labels | ☐ Advertising Leaflets |
| ☐ Actual Tags | ☐ Advertising Brochures |
| ☐ Photographs of Goods/Containers Showing the Mark | ☐ Menus Showing the Mark |
| ☐ Front Panels of a Paper Container Bearing the Mark | ☐ Business Cards that Reference Services |
| ☐ Other: _____ | ☒ Other:  _Internet web site_ |

The mark has been and is still in use within the State of Texas by the registrant in the form and manner specified in the present application.  I certify under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.

**Signature and Verification**

_10 / 4 / 2018_

Date

_Brian Lujan, President_

Signature of Authorized Person

Type or Print Name and Title of Officer, Partner, or Other Authorized Person

**TO BE COMPLETED BY A NOTARY PUBLIC:**

STATE OF  _Texas_              )

COUNTY OF  _Bexar_             )

On _12-4-18_  , _Brian Lujan_             personally appeared before me, and being first duly sworn declared that he/she signed this application in the capacity designated, if any, and further stated that he/she has read the above application and the statements therein are true and correct.

CRISTINA CRUZ
Notary Public, State of Texas
Comm. Expires 01-30-2021
Notary ID 129286869

NOTARY PUBLIC SIGNATURE

Form 902                                                    4



## HOURS

**Summer Hours**
(March 1st - Aug. 31st)

Tues–Thur — 11am–10pm
Fri–Sat — 11am–12am
Sunday — 12pm–10pm
Monday — Closed

**Winter Hours**
(Sept. 1st - Feb. 28th)

Tues–Thur — 11am–9pm
Fri–Sat — 11am–11am
Sunday — 12pm–9pm
Monday — Closed

## DIRECTIONS

2048 S WW White Rd
San Antonio, TX 78222
Phone:(210) 337-0707

| MENU | MEDIA | OUR STORY |



MADE FRESH WITH THE BEST INGEDIENTS

### MORE THAN JUST PIZZA

Big Lou's award–winning pizza has been a San Antonio favorite for over 10 years, but Big Lou's does more than just pizza. Make sure to try our wraps, pasta dinners, sandwiches, and our salads.

View full menu >

### MEET THE FAMILY

On Friday May 19th 2000 we opened for business and ended up selling out of just about everything we had. The business was supposed to be just me and my mother, but after that huge response we knew it was alot bigger than just the two of us and we have been growing ever since.

Read our story >

# EXHIBIT 2

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 1,966,205
Registered Apr. 9, 1996

### SERVICE MARK
### PRINCIPAL REGISTER

## BIG LOUIE'S

GATEWAY PASTA CORP. (FLORIDA CORPO-
RATION)
1990 EAST SUNRISE BOULEVARD
FORT LAUDERDALE, FL 33304

FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CLS. 100 AND 101).
FIRST USE 1–0–1986; IN COMMERCE
1–0–1986.

THE NAME SHOWN IN THE MARK DOES
NOT IDENTIFY A LIVING INDIVIDUAL.

SER. NO. 74–536,310, FILED 6–10–1994.

CHARLES L. JENKINS, EXAMINING ATTOR-
NEY

# EXHIBIT 3



THE
## PLUS IP FIRM
Patents. Trademarks. Copyrights.

**Subject to FRE 408 and State Equivalents**

**VIA U.S. CERTIFIED MAIL**

May 24, 2021

Brian Lujan
President
Lujan Enterprises, Inc.
2048 S Ww White Road
San Antonia, Texas 78222

### DEMAND TO CEASE AND DESIST UNAUTHORIZED USE OF
### U.S. TRADEMARK REGISTRATION NO.  1,966,205 "BIG LOUIE'S"

Dear Mr. Lujan:

As you know, the firm represents Big Louie's U.S.A., Inc. ("BL"), regarding their intellectual property matters.  This letter is BL's demand that you and Lujan Enterprises, Inc. (collectively, "You" or "Your") cease and desist any and all use of marks confusingly similar to United States Trademark Registration No. 1,966,205 ("TM Reg. 205") for the terms "BIG LOUIE'S" in International Class 42 for restaurant services (the "BIG LOUIE'S Mark").  You should immediately forward this letter to Your attorney.

BL owns the BIG LOUIE'S Mark.  A copy of the Certificate of Registration of TM Reg. 205 for the BIG LOUIE'S Mark is attached as **Exhibit A**.   BL and its predecessors have been using The BIG LOUIE's Mark since at least as early as 1986, in connection with restaurant services.  BL has spent considerable sums on marketing, advertising, and promotional activities, and because of its quality of restaurant services, BL has gained a valuable reputation for its BIG LOUIE'S Mark. As a result of BL's longstanding and continuous use of the BIG LOUIE'S Mark, TM Reg. 205 for the BIG LOUIE'S Mark is now incontestable pursuant to 15 U.S.C. §§ 1058 & 1065.

BL recently became aware of Your Texas Trademark Registration No. 801917417 for the terms "BIG LOU'S PIZZA" associated with restaurant services, and Texas Trademark Registration Nos. 801917404 and 801917389 (collectively, the "Texas Trademark Registrations") for the terms "BIG LOU'S BURGERS & BBQ" associated with restaurant services (collectively referred to as the "Infringing Marks").  BL and its predecessors in interest adopted and have continuously used the BIG LOUIE'S Mark in the United States in connection with restaurant services prior to **both** (i) Your first date of use for Your Texas Trademark Registrations for the Infringing Marks and (ii) Your claimed first use anywhere for the Infringing Marks.  Additionally, You are using, displaying, and distributing advertising, marketing and promotional materials bearing content confusingly similar to the BIG LOUIE'S Mark without BL's permission. Included in attached **Exhibit B** are examples of Your

advertising, marketing, and promotional materials ("Infringing Content") bearing the Infringing Marks.

You cannot legally use the Big Lou's Pizza or Big Lou's Burgers and BBQ Marks because Your use of the Infringing Content is likely to cause confusion with BL's BIG LOUIE'S Mark and TM Reg. 205. To assess whether use of a mark creates a likelihood of confusion as to affiliation, sponsorship, or source, as required to show trademark infringement, a court considers a flexible, non-exhaustive list of so-called digits of confusion, including: (1) the type of mark allegedly infringed; (2) the similarity between the two marks; (3) the similarity of the products or services; (4) the identity of retail outlets and purchasers; (5) the identity of the advertising media used; (6) the defendant's intent; (7) any evidence of actual confusion; and (8) the degree of care exercised by potential purchasers. *Viacom International v. IJR Capital Investments, L.L.C., 891 F.3d 178 (2018)*. As explained below, at least factors (1), (2), (3), (4), (5) and (8) weigh heavily in favor of a finding of a likelihood of confusion between the BIG LOUIE'S Mark and the Infringing Marks.

At least factors (1), (2), (3), (4), (5) and (8) weigh <u>*heavily*</u> in favor of a finding of a likelihood of confusion between the BIG LOUIE'S Mark and the Infringing Marks. Regarding factor (1), the BIG LOUIE'S Mark is a strong mark. No other registered mark uses the term "BIG" in combination with any permutation of "LOUIE" associated with restaurant services. As a result, factor (1) weighs heavily in favor of a likelihood of confusion between the BIG LOUIE'S Mark and the Infringing Marks. Regarding factor (2), the dominant portion of the BIG LOUIE'S Mark and the Infringing Marks are almost identical in appearance, sound, and connotation. Merely deleting "IE" from the Infringing Marks is not enough to change the commercial impression. As a result, factor (2) weighs heavily in favor of a likelihood of confusion between the BIG LOUIE'S Mark and the Infringing Marks. Regarding factors (3) – (5) and (8), the services, identity of retail outlets, purchasers, and degree of care exercised by potential purchasers associated with the Infringing Marks are identical to those of the BIG LOUIE'S Mark given that both marks are associated with restaurant services, serve the same type of customers, advertise in the same manner, and the degree of care exercised is low given the relatively low cost of restaurant services. As a result, factors (3) – (5) and (8) weigh heavily in favor of a likelihood of confusion between the BIG LOUIE'S Mark and the Infringing Marks.

Furthermore, factor (7) may also weigh in favor of a finding of a likelihood of confusion. BL and the BIG LOUIE'S Mark has a very well-known reputation in the industry. Registration of TM Reg. 205 gave You constructive notice of the BIG LOUIE'S Mark under 15 U.S.C. § 1072 so You cannot have begun to use the Mark in good faith. As a result, this factor may also add weight in favor of a likelihood of confusion between the BIG LOUIE'S Mark and the Infringing Marks.

Overall, Your Infringing Content is unauthorized confusingly similar use of the BIG LOUIE'S Mark which violates the Lanham Act because Your use "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association" of Your business with BL and is likely to cause confusion as to the source of Your services as related to BL. 15 U.S.C. § 1125(a)(l)(A).

### <u>You are in the best position to control Your damages at this point in time.</u>

BL has expended significant time and financial resources in creating and developing his intellectual property rights in the BIG LOUIE'S Mark. Such intellectual property rights are an important asset that our client vigorously protects. Please be advised that BL will undertake all appropriate steps to protect the BIG LOUIE'S Mark and its associated goodwill.

BL values its intellectual property and its professional reputation, and it will act to ensure both are protected from further damage. BL has several options under Florida law, Texas law, and Federal trademark law to enforce its legal rights. If BL were to file a lawsuit against You, it would be entitled to seek the following remedies:

**(1) preliminary and permanent injunctions;**

**(2) disgorgement of any profits You realized through Your unauthorized use of the BIG LOUIE'S Mark;**

**(3) treble (x 3) damages of the profits of the infringer;**

**(4) actual monetary damages;**

**(5) damages for damage to BIG LOUIE'S goodwill in the market; and**

**(6) reimbursement of BIG LOUIE'S attorney's fees and costs required to prosecute said lawsuit. 15 U.S.C. § 1117.**

We hope to resolve this matter amicably.  That said, my client demands that You:

   (1)   within three (3) days of Your receipt of this letter have Your attorney contact my office to discuss this matter;

   (2)   within fifteen (15) days file with the Secretary of State for the State of Texas the appropriate documents to expressly abandon Your Texas Registrations; and,

   (3)   cease and desist all use of Your Infringing Marks within ninety (90) days.

Nothing in this letter is meant to or should be construed to waive any rights, claims, or remedies. Your prompt attention to this letter is strongly advised. Please do not hesitate to call me at (954) 332-3584 or to email me at derek@plusfirm.com if You have any questions regarding our requests.

Sincerely,

Derek R. Fahey, Esq.

CC: Michael D. Volk Jr. by michael@volkandmcelroy.com

# EXHIBIT A

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 1,966,205
Registered Apr. 9, 1996

### SERVICE MARK
### PRINCIPAL REGISTER

## BIG LOUIE'S

GATEWAY PASTA CORP. (FLORIDA CORPO-
RATION)
1990 EAST SUNRISE BOULEVARD
FORT LAUDERDALE, FL 33304

FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CLS. 100 AND 101).
FIRST USE 1–0–1986; IN COMMERCE
1–0–1986.

THE NAME SHOWN IN THE MARK DOES
NOT IDENTIFY A LIVING INDIVIDUAL.

SER. NO. 74–536,310, FILED 6–10–1994.

CHARLES L. JENKINS, EXAMINING ATTOR-
NEY

# EXHIBIT B

(1) Big Lou's Pizza - http://biglouspizza-satx.com/

(2) Big Lou's Pizza Twitter - https://twitter.com/biglouspizza

(3) Big Lou's Pizza Facebook – https://www.facebook.com/biglouspizza

(4) Big Lou's Burgers and BBQ - http://biglousburgersbbq-satx.com/

(5) Big Lou's Burgers and BBQ Twitter - https://twitter.com/biglousburgers