FILED
June 22, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LUJAN ENTERPRISE, INC., D/B/A BIG LOU'S PIZZA, <br><br> *Plaintiff*, <br><br> v. <br><br> BIG LOUIE'S U.S.A., INC., <br><br> *Defendant*. | § § § § § § § § § § § § CIVIL NO. SA-21-CV-00633-OLG |

## O R D E R

On this day, the Court considered Big Louie's U.S.A.'s Motion to Dismiss for Lack of Jurisdiction Under FRCP Rule 12(b)(2), or in the Alternative, to Transfer Venue Under FRCP Rule 12(b)(3), Dkt. No. 14 (the "Motion"), and Lujan Enterprise's Response to Motion, Dkt. No. 16 (the "Response"). After carefully considering the Motion, Response, and applicable law, the Court finds that the Motion to Dismiss should be **GRANTED** and the Motion to Transfer should be **DENIED AS MOOT**.

### BACKGROUND

Plaintiff Lujan Enterprise, Inc. d/b/a Big Lou's Pizza is a Texas corporation that operates a single pizzeria out of San Antonio. Pl.'s First Am. Compl. (Dkt. No. 13) (the "Complaint"), ¶¶ 2, 7. Defendant Big Louie's U.S.A., Inc. is a Florida corporation that "operates a chain of Italian restaurants . . . throughout the state of Florida." Mot. at 2. On April 9, 1996, Defendant registered its trademark with the United States Patent and Trademark Office (USPTO). *Id.* at 3. On March 1, 2019, Plaintiff filed for concurrent use of an "almost identical" trademark. *Id.* In its application, Plaintiff "sought to limit" Defendant's trademark usage "to the state of Florida." *Id.*

Ultimately, Plaintiff's efforts proved unsuccessful, and—with mutual consent—Plaintiff withdrew its application. *Id.* at 4.

On May 24, 2021, during the pendency of Plaintiff's trademark application, Defendant sent a cease-and-desist letter (the "Letter") to Plaintiff, demanding:

> (1) within three (3) days of Your receipt of this letter have Your attorney contact my office to discuss this matter;
> (2) within fifteen (15) days file with the Secretary of State for the State of Texas the appropriate documents to expressly abandon Your Texas Registrations; and,
> (3) cease and desist all use of Your Infringing Marks within ninety (90) days.

Dkt. No. 1-6. On July 6, 2021, Plaintiff rebuffed Defendant's demand and filed the present action seeking a declaratory judgment to secure its "certainty and security." Compl. ¶¶ 18–19.

In its original complaint, Plaintiff pleaded two causes of action, including: (1) declaratory judgment of non-infringement of trademark; and, in the alternative, (2) declaratory judgment granting continued use. *See* Dkt. No. 1 ¶¶ 19–27. On October 15, 2021, Defendant filed its first motion to dismiss for want of personal jurisdiction. Dkt. No. 7. On February 18, 2022, Plaintiff filed an amended complaint, attempting to "explain the basis of the Court's personal jurisdiction over Defendant." Dkt. No. 9 (requesting leave to file an amended complaint). On March 4, 2022, Defendant filed the instant Motion, arguing that a cease-and-desist letter is insufficient to grant personal jurisdiction over Defendant. *See* Mot. at 7. In the alternative, Defendant argues that this Court is an improper venue and, therefore, that the action should be "transfer[red] to the Southern District of Florida" under 28 U.S.C. § 1406. *Id.* at 16–17. Plaintiff filed its Response to Defendant's Motion on March 25, 2022. *See generally* Resp.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows for the dismissal of a complaint for lack of personal jurisdiction. "Where a defendant challenges personal jurisdiction, the party seeking to

invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv n'care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). However, the plaintiff need only "present[] a prima facie case for personal jurisdiction." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). In evaluating the merits of a Rule 12(b)(2) motion, the Court may consider the record before it, including affidavits and other materials outside the complaint. *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002). "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a prima facie case for personal jurisdiction has been established." *Thompson*, 755 F.2d at 1165 (citing *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270–71 (5th Cir. 1983)).

## DISCUSSION

Federal courts may exercise personal jurisdiction over nonresident defendants when they are "amenable to service of process under a [s]tate's long-arm statute" and "the assertion of in personam jurisdiction [is] consistent with the [Fourteenth] Amendment's [D]ue [P]rocess [C]lause." *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999) (citing *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992)). "Because the Texas Long Arm Statute is coextensive with the confines of due process, questions of personal jurisdiction . . . are generally analyzed entirely within the framework of the [c]onstitutional constraints of [d]ue [p]rocess." *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003) (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041–17.045; *Gessmann v. Stephens*, 51 S.W.3d 329, 335 (Tex. App.—Tyler 2001, no pet.); *Interfirst Bank Clifton v. Fernandez*, 844 F.2d 279, 282 (5th Cir. 1988)). Thus, the Court need only consider whether its

exercise of jurisdiction over Defendant comports with the Due Process Clause of the United States Constitution.

To satisfy due process, courts may only exercise personal jurisdiction over a defendant when: "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (quoting *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). The first prong may be satisfied by contacts that are "unrelated to the cause of action but are 'continuous and systematic,'" establishing general jurisdiction, or that "arise from, or are directly related to, the cause of action," creating specific jurisdiction. *Id.* (quoting *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). The Court considers each in turn.

I.  **General Jurisdiction**

To establish general jurisdiction, Defendant's contacts with the forum state must be "substantial," as well as "continuous and systematic." *Wilson*, 20 F.3d at 650 (internal quotation marks omitted); *see also Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) ("The 'continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.'" (quoting *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001))). This is a steep demand; not even "repeated contacts" will satisfy the requirement. *Johnston*, 523 F.3d at 609–10 (quoting *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002)). On this contention, the Court clearly lacks jurisdiction over Defendant.

While Defendant raises the issue of general jurisdiction in its Motion, *see* Mot. at 13, Plaintiff concedes that it is only "concerned with specific jurisdiction." Resp. at 6. Indeed, in its

Complaint and Response, the only contact Plaintiff alleges is the Letter. *See id.* at 7–11 (arguing the Letter alone is sufficient to establish specific jurisdiction); Compl. ¶ 5 (alleging Defendant "purposely availed" itself of the laws of Texas by sending the Letter). Because a single isolated contact is not "substantial, continuous, and systematic," the Court does not have general jurisdiction over Defendant. *Johnston*, 523 F.3d at 609 (citing *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414–19 (1984); *Liebreich*, 339 F.3d at 374).

## II.  Specific Jurisdiction

Courts have specific jurisdiction when the cause of action "'arises out of' a defendant's contacts with the forum." *Hall*, 466 U.S. at 414, 414 n.8 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Importantly, even "[a] singular purposeful contact may confer jurisdiction." *Luv n'care, Ltd.*, 438 F.3d at 470 n.3 (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 222 (1957)). Here, Plaintiff argues the Letter is a sufficient contact to confer jurisdiction. *See* Resp. at 7. The Court disagrees.

To support its theory of jurisdiction, Plaintiff primarily relies on *SGS-Thomson Micro-Electronics, Inc. v. Ferris*, No. 93-9115, 1995 WL 313932 (5th Cir. May 1, 1995), an unpublished case holding that a cease-and-desist letter may—in and of itself—establish specific jurisdiction. *See* Resp. at 7. There, alleging copyright infringement, Ferris sent a letter to SGS-Thomson "threatening litigation" if it did not pay him $19,000. *Id.* at *1. In response, SGS-Thomson filed suit, seeking a declaratory judgment and asserting various causes of action, including "unfair competition, tortious harassment, extortion[,] and defamation." *Id.* The Fifth Circuit held that the lower court had personal jurisdiction over Ferris because the claims arose from a singular, purposeful contact: Ferris's letter, which "purposefully directed his activities into the forum in a

5

manner causing reasonably foreseeable injuries." *Id.* at *3 n.5 (citing *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 333 (5th Cir. 1982)). The case at bar is factually distinguishable.

In *SGS-Thomson*, the plaintiff defeated a motion to dismiss several tort claims that arose from the demand letter, due to the well-established principle that tortious communications are sufficient to create personal jurisdiction. *See Ferris*, 1995 WL 313932, at *1; *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999) ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment."). Here, however, Plaintiff has not sought to recover for allegedly tortious actions; rather, it seeks only declaratory relief regarding the parties' trademarks.[1] Compl. ¶¶ 20–28. And Plaintiff cites no authority finding that specific jurisdiction can arise from a cease-and-desist letter absent any such tortious allegations.[2] On the contrary, the weight of precedent points in the opposite direction.

Even when threatening litigation, sending a cease-and-desist letter is "not enough to show minimum contacts with Texas." *See Halliburton Energy Servs., Inc.*, 921 F.3d 522, 542 (5th Cir.

---

[1] Other district courts within the Fifth Circuit have drawn the same distinction. *See, e.g., Sablatura v. Kokopelli*, No. H-10-472, 2010 WL 4394250, at *2 (S.D. Tex. Oct. 29, 2010) (distinguishing *Ferris* because the plaintiff "allege[d] no tortious action" and only sought "declaratory relief"); *Great Priory of Am. Knights Beneficent of the Holy City Rectified Scottish Rite v. Koon II*, No. SA-14-CV-501, 2014 WL 12497028, at *3 (W.D. Tex. Sept. 30, 2014) ("Where the plaintiff has not alleged a tort ... but seeks only declaratory relief, the plaintiff's claim does not arise out of the defendant's cease and desist letter." (citing *Sablatura*, 2010 WL 4394250, at *2)).

[2] Each of Plaintiff's in-circuit cases involve tortious causes of action. *See SGS-Thomson Micro-Electronics, Inc. v. Ferris*, No. 93-9115, 1995 WL 313932 (5th Cir. May 1, 1995) (unfair competition, tortious harassment, extortion, and defamation); *Bounty-Full Ent., Inc. v. Forever Blue Ent. Grp., Inc.*, 923 F. Supp. 950, 953 (S.D. Tex. 1996) (libel, defamation, and tortious interference). Similarly, this Court has previously established personal jurisdiction based on a cease-and-desist letter *when the plaintiff alleged tortious conduct*. *See Buchala v. Mundschau*, No. SA-09-CV-520-OLG, 2009 WL 10669389, at *1 (W.D. Tex. July 13, 2009) (tortious interference, civil conspiracy, business disparagement, and defamation).

2019) ("Many other circuits have addressed similar scenarios in which a potential plaintiff sends a cease-and-desist letter threatening litigation to a potential defendant. None of these courts held that sending a letter amounts to purposeful availment."). The most factually analogous case confirms this proposition. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415–16 (5th Cir. 1993).

In *Ham*, Bernard Besman sent a cease-and-desist letter to Bill Ham, accusing him of infringing on his copyrighted song "Boogie Chillen." *Id.* at 415 (internal quotation marks omitted). In response, Ham filed a declaratory action, citing "the mailing of the 1991 demand letter" as establishing the court's personal jurisdiction over Besman. *Id.* The Fifth Circuit rejected Ham's contention: "Likewise, Besman's July 8 letter, although it forms the basis for Ham's allegations about the existence of a live controversy, in no way relates to the merits of the copyright question and thus does not support personal jurisdiction in Texas." *Id.* at 416 (citing *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773 (5th Cir. 1986); *Cascade Corp. v. Hiab-Foco AB*, 619 F.2d 36 (9th Cir. 1980)). Indeed, the Fifth Circuit reasoned that "copyright question[s]" arise from the ownership of intellectual property, not from cease-and-desist letters, even if the letters prompt declaratory lawsuits. *Id.* In contrast, tort causes of action may only arise from the contacts, as no cause of action exists without them.

Here too, Defendant's Letter did not give rise to Plaintiff's suit for declaratory relief. Thus, Defendant does not have minimum contacts, and consequently, the Court may not exercise personal jurisdiction over Defendant. *See id.* Because the Court finds that Defendant lacks minimum contacts with Texas, it need not reach the second prong—whether "the exercise of jurisdiction over that defendant [would] offend 'traditional notions of fair play and substantial justice.'" *Mink*, 190 F.3d at 336 (quoting *Latshaw*, 167 F.3d at 211). As Plaintiff has failed to

establish that the Court has general or specific jurisdiction over Defendant, the Court finds that the Motion should be **GRANTED**.

### III.   Improper Venue

Finally, Defendant requests that "if the Court does not dismiss this action, then [it] should be transferred to a proper forum." Mot. at 16. Because the Court does not have personal jurisdiction over Defendant, the request is moot, and the Court need not consider it.

### CONCLUSION

For the reasons set forth above, it is **ORDERED** that the Motion to Dismiss for Lack of Jurisdiction Under FRCP Rule 12(b)(2) (Dkt. No. 14) is hereby **GRANTED,** and Defendant's alternative request to Transfer Venue Under FRCP Rule 12(b)(3) is **DENIED AS MOOT**.

It is **FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

**SIGNED** this ___ day of June, 2022.

ORLANDO L. GARCIA
Chief United States District Judge